[NOTE. For other proceedings relating to the same bankrupt estate, see Cases Nos. 1,702 and 1,704.]

## Case No. 1,704.

### In re BOUSFIELD & POOLE MANUF'G CO.

[17 N. B. R. (1878) 153.] [1]

### District Court, N. D. Ohio.

BANKRUPTCY — ASSETS RECEIVED FROM ASSIGNEE UNDER STATE LAW—RIGHTS OF CREDITORS—ACTION BY CREDITOR—FAILURE TO JOIN ASSIGNEE —INTEREST ON CLAIM — JUDGMENT OF UNITED STATES—PROOF OF PRIORITY.

1. Where an adjudication has been had and an assignee under the state law has surrendered the estate in his hands, the rights of creditors are to be determined by the court under the provisions of the bankrupt law, and not under those of the state law.

2. Where leave has been granted to a creditor, pursuant to the provisions of section 5106, to proceed in a cause which was then pending, a judgment obtained therein is valid, although the assignee is not made a party.

3. Interest upon the claim accruing after the commencement of the proceedings is allowable.

4. Where the United States has recovered a judgment in such an action, such judgment, including the damages, costs, and interest, is entitled to priority, and no proof of the claim need be made.

[On certificate of register in bankruptcy. Exceptions to claim. Overruled.]

Opinion of Register:

In the above named case the United States, on the 2d day of September, A. D. 1876, filed proof of a claim against said estate amounting to twenty-one thousand one hundred and twenty-seven dollars and seventy-six cents, with interest thereon from April 4, 1876, which claim is upon a judgment rendered in the circuit court of the United States at the April term thereof, 1876. On the 27th day of September, A. D. 1877, John C. Lee, attorney for the United States, filed a motion asking for an order on C. B. Bernard, the assignee, to pay said claim with interest up to the present time, in full, out of the money now in hands. And thereupon, at the same time, C. B. Bernard, the assignee, appeared and filed the exceptions to said claim.

The first objection is, that, prior to the proceedings in bankruptcy having been commenced, the bankrupts made a general assignment for the benefit of their creditors to J. A. Reddington, and thereby the status of all creditors became fixed so as to be governed as to any preference by the laws of the state of Ohio, and that as the laws of the state of Ohio gave no preference to the United States, it could obtain none by virtue of the bankrupt proceeding. It appears that the assignee under the state law has surrendered the entire estate to the assignee in bankruptcy. In my judgment, by virtue of the adjudication in bankruptcy, and the surrender of the estate to the assignee in bankruptcy, the district court obtained full jurisdiction of the estate. If I be correct in this, then the district court obtained full jurisdiction to administer the estate under the bankrupt act, and in accordance with its provisions, so that whatever might

have been the result if the state assignment had proceeded, the estate has now to be settled under the provisions of the bankrupt act. In my judgment, the jurisdiction of the district court having attached, the rights of creditors are to be determined by the court under the provisions of the bankrupt law, and not under the provisions of the state law.

The second objection is, that the assignee under the state law held the estate in trust for the creditors, and the turning over the estate by him to the assignee in bankruptcy works a great injustice to the other creditors. This may be true in its practical effect, but if the district court obtained full and complete jurisdiction over the estate, by virtue of the proceedings in bankruptcy, I can see no way but that the estate must be settled under and in accordance with the provisions of the bankrupt act, and not in accordance with the provisions of the state law governing assignments. If the provisions of the state law are to govern in one respect, then it may, with equal force, be claimed that they should govern in all respects—which would render the bankrupt act nugatory.

The third objection is, that the assignee was not made a party in the suit in which the judgment is rendered, and therefore the judgment was nugatory and void. It appears by the proof that the court granted leave to the claimant to proceed with said case, which was then pending in court in pursuance of the provisions of section 5106. No order was made requiring the assignee to be made a party, and I know of no law requiring that to be done. Section 5047 is only permissive, and provides that the "assignee may defend the same as the bankrupt might." As there is no law requiring the assignee to be made a party, and as the court had full jurisdiction by service of a summons upon the parties, I think the judgment is valid. The fourth objection as well as the fifth objection are disposed of by the above opinion on the third objection.

The sixth objection is, that no creditor whose debt is provable shall be allowed to prosecute to a final judgment, any suit at law or in equity therefor against the bankrupt, until question of the debtor's discharge shall have been determined. The same section which contains the above provision, viz., section 5106, also provides, "that if the amount due the creditor is in dispute, the suit by the leave of the court in bankruptcy may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy." It appears by the proof that, for some reason satisfactory to the court, leave was granted to proceed with the case to judgment, and judgment was rendered. What facts or arguments were presented to the court to induce this I do not know, nor in this proceeding can that be inquired into; it is enough that

a judgment was rendered and the forms of law complied with.

The seventh objection is an objection to charging the costs accruing in that case against the estate. This is governed by the bankrupt act, which provides that the case "may" proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy. This says nothing about the costs, but seems by its language to provide that nothing but the amount found due shall be proved in bankruptcy. Section 5101 provides that the estate shall be distributed as follows: First. To pay all costs. Second. To pay all debts due to the United States, and all taxes and assessments under the laws thereof. There can be no doubt but that the record shows the entire judgment, damages and costs, as a debt due to the United States. For this, under the provision above quoted, it is entitled to priority of payment, and is not bound to make proof of the claim. See Lewis v. U. S. [92 U. S. 618]. In my opinion the objection is not valid.

The eighth objection is an objection to paying any interest in the claim after the commencement of the proceedings in bankruptcy. Section 966, Rev. St., provides that interest shall be allowed on all judgments from the date of the rendition of the judgment, and section 5101, above quoted, provides that after the payment of costs all debts due to the United States shall be paid. I am therefore of the opinion that this exception should be overruled.

I recommend said exceptions be overruled, and that an order be allowed directing the assignee, from the money in his hands belonging to the said estate, to pay the entire claim of the United States, including damages, interest and costs. All of which is respectfully presented.

M. R. Keith, Register in Bankruptcy.

C. B. Bernard, for the estate.

John C. Lee, Dist. Atty., for the United States.

WELKER, District Judge. I have carefully examined the foregoing opinion of M. R. Keith, register, and fully considered the arguments and authorities submitted by the counsel in this case, and fully concur in the opinion of the register, and direct that an order be made, as recommended by him, directing the assignee to pay, out of the moneys in his hands belonging to the said estate, the claim of the United States, being the amount of the judgment, including costs and interest on the judgment to the time of payment.

[NOTE. For other proceedings in relation to the same bankrupt estate, see Cases Nos. 1,702 and 1,703.]